HEARD NOVEMBER TERM, 1872.

## MARCO VS. COUNTY TREASURER.

The Act of March 9, 1872, Sec. 4, directing certain funds, then in the hands of the County Treasurer, which were appropriated for building a Court House, to be applied in payment of the past indebtedness of the County, did not prevent the County Treasurer from paying a warrant drawn for money due for building the Court House. The effect of the Act was to place all the past indebtedness of the County, whether contracted for building a Court House, or otherwise, upon the same footing.

This was an application by Samuel Marco against the County Treasurer of Darlington County, to compel him to pay a warrant for $5,500, drawn in favor of the applicant, by the County Commissioners of said County, and dated the 3d of June, 1872.

The facts, as stated in the petition and admitted by the answer, were that the consideration of the warrant was money due the petitioner under a contract for building a Court House for the County, dated April 23d, 1870; that when the warrant was presented to the County Treasurer for payment he had in his hands a fund sufficient to pay the same; that said fund had been raised under the Act approved February 19th, 1870, and the Joint Resolution of December 3d, 1870, authorizing the levy of taxes for the construction and completion of a Court House at Darlington, and had been deposited in the Carolina National Bank at Columbia.

The County Treasurer refused to pay the warrant on the ground that he was prevented from doing so by the 4th Section of the " Act to provide for the payment of the past indebtedness of Darlington County, and for other purposes," approved March 9, 1872, which provides " that it is hereby made the duty of the County Commissioners of Darlington County to draw their warrants on the County Treasurer, against any funds in his hands, including the money now in bank which was appropriated for building of a Court House, for the payment and liquidation of the past indebtedness of the County, and the County Treasurer, on presentation of said warrants, shall pay the same."

*Harllee*, for relator.

*Chamberlain*, Attorney General, for respondent.

Jan. 16, 1873.   The opinion of the Court was delivered by

WILLARD, A. J.   The relator demands the writ of *mandamus* to compel the County Treasurer of Darlington County to pay a check drawn upon him by the County Commissioners of that County,

in favor of the relator, for the sum of $5,500, being the amount due the relator on account of a contract for the building of a Court House for said County, authorized by law.

It appears that the respondent, as County Treasurer, holds funds to an amount sufficient to pay the relator's demand, raised and held under authority of an Act of the General Assembly, providing means for defraying the expenses of building such Court House.

The only question presented is whether the payment of this amount is prevented by the operation and effect of the Act entitled " An Act to provide for the payment of the past indebtedness of Darlington County, and for other purposes," approved March 9, 1872. The portion of this Act in question is the 4th Section, which reads as follows: " That it is hereby made the duty of the County Commissioners of Darlington County to draw their warrants on the County Treasurer against any funds in his hands, including the money now in bank which was appropriated for building of a Court House, for the payment and liquidation of the past indebtedness of the County; and the County Treasurer, on presentation of said warrants, shall pay the same."

The effect of this Act was not to render the fund in question inapplicable to the payment of the relator's demand. Its design was to place certain other demands on the same footing, as to such fund, as that occupied by the relator's demand. It does not appear, by the proceedings in this case, that there is any outstanding demand against the County Treasury, of the class contemplated by that Act. No question, then, can arise in this case between the relative claims of the relator and the creditors of the general class intended to be favored under the Act in question.

Previous to this Act the fund stood appropriated by law for the payment of the relator's demand; and unless the Act in question operated as an absolute repeal of the authority for such appropriation, the relator is entitled to receive payment out of the fund in question. The Act cannot bear that construction; at most, it could only operate as a repeal on the contingency of the prior presentation of demands against the Treasury of the class contemplated by its provisions. It does not appear that any such demands exist; accordingly the fund stands appropriated to the payment of relator's demand.

The writ must issue.

*Moses,* C. J., and *Wright,* A. J., concurred.